Filed 10/29/15  In re N.L. CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re N.L., a Person Coming Under the Juvenile Court Law. | |
| KINGS COUNTY HUMAN SERVICES AGENCY,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>A.R.,<br><br>Defendant and Appellant. | F071258<br><br>(Super. Ct. No. 14JD0048)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Kings County.  Jennifer Giuliani, Judge.

Carolyn S. Hurley, under appointment by the Court of Appeal, for Defendant and Appellant.

Colleen Carlson, County Counsel, and Rise Donlon, Deputy County Counsel, for Plaintiff and Respondent.

-ooOoo-

A.R. (mother) appeals from a judgment terminating her parental rights to N.L., born in August 2014.[1]  Mother's sole claim is that the juvenile court erred when it found that the Indian Child Welfare Act (25 U.S.C. §§ 1901 et seq. (ICWA)) did not apply because the finding was not supported by adequate inquiry or notice on the part of the juvenile court and the Kings County Human Services Agency (department).  We affirm.

### FACTS AND PROCEDURAL HISTORY

Since mother does not challenge the juvenile court's jurisdictional finding, dispositional ruling, or findings supporting its decision to select adoption as the permanent plan and terminate parental rights, a detailed summary of the evidence supporting these rulings is unnecessary.  The department detained N.L. at birth and petitioned under Welfare and Institutions Code section 300[2] to have her declared a dependent of the juvenile court because mother was incarcerated at the time for physically abusing N.L.'s half-sibling J.H.[3]

The petition filed by the department included a completed Indian Child Inquiry Attachment form (ICWA-010(A)) which contained a mark in the box next to the statement, "The child may have Indian ancestry."  The department's detention hearing report noted earlier dependency proceedings involving J.H. and stated:

> "It was reported that the mother, [A.R.], has American Indian ancestry through the Chumash tribe; however, the tribe is not federally recognized. The [department] also obtained [mother's] roll number, indicating that she is an enrolled member of the Chumash Indian Council of Bakersfield (not federally recognized).  The [department] subsequently sent notice to the Chumash Indian Council of Bakersfield and the Santa Ynez Band of Mission Indians.  The [department] received a response letter from the

[1]N.L.'s alleged father died in January 2014.

[2]All further statutory references are to the Welfare and Institutions Code unless otherwise indicated.

[3]Mother's expected release date is August 2019.

2.

Santa Ynez Band of Mission Indians that indicated the child, [J.H.] is not an Indian child."

Mother was in custody and not present at the August 27, 2014, detention hearing, but was represented by counsel, who also represented mother in the earlier dependency case involving J.H. Counsel submitted on the petition and detention report. There was no discussion about the ICWA, but the court, in finding the petition true, stated, "After having inquired as to Indian heritage, the Court finds that the Indian Child Welfare Act does not apply."

The report filed in anticipation of jurisdiction/disposition stated the ICWA did not apply, citing the juvenile court's finding to that effect at the August 27, 2014, detention hearing. Mother was present at the October 1, 2014, jurisdiction/disposition hearing and submitted on the report. The juvenile court found the allegations of the petition true, adjudged N.L. a dependent of the juvenile court, and denied mother reunification services. A section 366.26 permanency planning hearing was set for January 21, 2015.

Mother was advised that, in order to reserve any right to appeal the order setting the section 366.26 hearing, she was "required to seek an extraordinary writ by filing the Judicial Council Form JV 820, notice of intent to file writ petition, and request for records … within seven days of this hearing. And [thereafter] filing the Judicial Council Form JV 825, petition for extraordinary writ …." Mother's counsel acknowledged mother had received the necessary forms.[4]

At the end of the jurisdiction/disposition hearing, department's counsel requested that mother complete a Parental Notification of Indian Status form (ICWA-020) to update her file. As stated by counsel, mother previously disclosed that she was a member of the Chumash Tribe, a non-federally recognized tribe, but that a current form was still needed

_____

[4]Mother filed a Notice of Intent to File Writ Petition on February 19, 2015, which was dismissed as untimely March 11, 2015.

for the juvenile court's records. Mother completed the ICWA-020 that day stating she "may" have Chumash ancestry.

The report filed in anticipation of the permanency hearing recommended a finding that the child was adoptable and mother's parental rights be terminated. The report again reiterated that the ICWA had been found inapplicable to the child at the detention hearing August 27, 2014. Included in the report was the following:

> "It should be noted that at the Detention Hearing on 05/21/2014, with regard to the child, [J.H.], who is the maternal half-sibling of … [N.L.], the Court found that the Indian Child Welfare Act may apply. It was reported that the mother … has American Indian ancestry through the Chumash tribe; however, the tribe is not federally recognized.… The [department] subsequently sent notice to the Chumash Indian Council of Bakersfield and the Santa Ynez Band of Mission Indians. The [department] received a response letter from the Santa Ynez Band of Mission Indians that indicated the child, [J.H.] is not an Indian child."[5]

The scheduled January 21, 2015, permanency hearing was continued to March 4, 2014, for a contested hearing.

On February 2, 2015, the department mailed a "Notice of Child Custody Proceeding For Indian Child" (ICWA-030) to the Santa Ynez Band of Chumash Indians, the Chumash Indian Council of Bakersfield, the Bureau of Indian Affairs (BIA), and the Department of the Interior by certified mail, return receipt requested, notifying them of the upcoming contested section 366.26 selection and implementation hearing. The ICWA-030 stated mother was an enrolled member of the non-federally recognized Chumash Indian Council of Bakersfield. As for father, it stated his name, date and place of death, and that, "alleged father of the child N.L., is deceased. No further information available." Maternal grandmother was listed as a member of the Santa Ynez Band of Mission Indians. Her birthdate and current address were listed. Maternal grandfather's

---

[5]This general information is also included in a case summary report in the clerk's transcript. Also included in that report is information that J.H. was eventually placed with his father.

name was listed, as was his birthdate, but any tribal membership was listed as "Unknown." No tribal affiliation was claimed for maternal great-grandparents. There is no further information provided regarding father's relatives.

The notice sent to the Chumash Indian Council was returned to the department February 27, 2015, with the notation, "Return to Sender, Unclaimed, Unable to Forward." Notices sent to the BIA, the Department of the Interior, and the Santa Ynez Band of Chumash were received, as evidenced by return receipt, February 6, 2015.

At the March 4, 2015, hearing, the juvenile court found minor likely to be adopted and terminated mother's parental rights.

### DISCUSSION

Mother argues the juvenile court's finding that the ICWA did not apply was error because the department did not adequately inquire into either her or father's Indian heritage and did not perfect notice to the tribes. Department asserts there was no error in the ICWA notice and compliance as to mother's possible Indian heritage, but concedes the issue as to inquiry and notice of father's possible Indian heritage. As stated by the department, because of the need for further inquiry and notice of father's possible Indian heritage, the department "will conduct further proceedings regarding [mother] as well." For reasons stated below, we do not accept the department's concession and affirm.

**I.    ICWA**

The ICWA was enacted to "protect the best interests of Indian children and to promote the stability and security of Indian tribes and families by the establishment of minimum Federal standards for the removal of Indian children from their families and the placement of such children in foster or adoptive homes which will reflect the unique values of Indian culture .…" (25 U.S.C. § 1902.) To achieve this purpose, the ICWA requires notice be given to the child's tribe "where the court knows or has reason to know that an Indian child is involved .…" (25 U.S.C. § 1912(a).) The tribe's response will determine if the child is an Indian child. (*Ibid.*; see also *In re Desiree F.* (2000) 83

5.

Cal.App.4th 460, 470 ["one of the primary purposes of giving notice to the tribe is to enable the tribe to determine whether the child involved in the proceedings is an Indian child."].) An Indian tribe means a federally recognized Indian tribe. (25 U.S.C. § 1903(8).)

State law imposes on both the juvenile court and the county welfare agency "an affirmative duty to inquire whether a dependent child is or may be an Indian child." (*In re Nikki R.* (2003) 106 Cal.App.4th 844, 848; § 224.3, subd. (a); Cal. Rules of Court, rule 5.481(a).) If the agency or the court "knows or has reason to know that an Indian child is involved, the social worker … is required to make further inquiry regarding the possible Indian status of the child" to facilitate the provision of notice. (§ 224.3, subd. (c); see also *In re Alice M.* (2008) 161 Cal.App.4th 1189, 1200.)

The ICWA defines an Indian child as "a child who is either a member of an Indian tribe or is eligible for membership in an Indian tribe and is the biological child of a member of an Indian tribe." (*In re H.B.* (2008) 161 Cal.App.4th 115, 120, citing 25 U.S.C. § 1903(4).) The necessity of a biological tie to the tribe is underlined by the ICWA definition of a "parent" as "any biological parent or parents of an Indian child .…" (25 U.S.C. § 1903(9).) "An alleged father may or may not have any biological connection to the child. Until biological paternity is established, an alleged father's claims of Indian heritage do not trigger any ICWA notice requirement because, absent a biological connection, the child cannot claim Indian heritage through the alleged father." (*In re E.G.* (2009) 170 Cal.App.4th 1530, 1533.)

## II.     *ICWA challenge as to father*

Mother claims the juvenile court erred in finding the ICWA did not apply because it failed to inquire about the deceased father's possible Indian heritage. Without addressing the issue of standing or forfeiture, we find mother's claim lacks merit.

The ICWA notice requirements are not triggered until the biological paternity of an alleged father is established. (*In re E.G., supra,* 170 Cal.App.4th at p. 1533.) At all times during these proceedings, the juvenile court found father to be an alleged father.

Mother acknowledges that father's biological paternity of N.L. was not established but seeks to distinguish her situation because father was deceased and he was the only father she named. But mother's claim that the juvenile court had sufficient reason to believe father was N.L.'s biological father is unavailing because, until biological paternity is established for an alleged father, neither the court nor the social worker knows or has reason to know that an Indian child is involved and notice requirements are not activated. (*In re E.G., supra,* 170 Cal.App.4th at p. 1533.)

For this reason, we do not address further mother's ICWA claims as they relate to father.

### III. *ICWA challenge as to mother*

Mother also contends the juvenile court's finding that the ICWA did not apply was not supported by proof of proper notice or inquiry of her Indian heritage. Mother acknowledges that she failed to appeal from prior orders of the juvenile court's finding that the ICWA was inapplicable to N.L. Mother requests that we revisit and overrule our opinion in *In re Pedro N.* (1995) 35 Cal.App.4th 183, 185, 189 (*Pedro N.*), which applies waiver and forfeiture to parents who wait until the termination of parental rights to first make an ICWA challenge.

In *Pedro N., supra,* 35 Cal.App.4th at pages 185 and 189, we held that a parent who fails to challenge a juvenile court's action timely regarding the ICWA is foreclosed from raising ICWA issues, once the juvenile court's ruling is final, in a subsequent appeal from later proceedings. The proper time to raise such issues is after the disposition hearing. The juvenile court's rulings and findings at the disposition hearing are appealable upon a timely notice of appeal. We noted in *Pedro N.* that the parent there

7.

was represented by counsel and failed to appeal the juvenile court's orders from the disposition hearing. (*Pedro N., supra,* 35 Cal.App.4th at pp. 189-190.)

In the instant action, the juvenile court's finding that the ICWA was inapplicable to N.L. was made at the disposition hearing conducted August 27, 2014. At that hearing, the court had before it the ICWA-010(A) stating that N.L. "may have Indian ancestry" and the detention report which stated that, in an earlier dependency case involving J.H., mother had said she was an enrolled member of the non-federally recognized Chumash Indian Council of Bakersfield and that the department notified that tribe and the Santa Ynez Band of Mission Indians. According to the report, the latter tribe replied that J.H. was not an Indian child. At jurisdiction/disposition on October 1, 2014, mother completed and signed the ICWA-020 at department's counsel's request. The form stated mother "may" have "Chumash" Indian ancestry. The juvenile court reiterated that it had found the ICWA inapplicable at the earlier detention hearing.

Mother never challenged the juvenile court's finding that the ICWA was inapplicable to her case. She was at all times in these proceedings not only represented by counsel, but by the same counsel who also represented her in her previous dependency case involving J.H. Mother was present at the jurisdiction/disposition hearing and advised of her right to file an extraordinary writ, but she failed to do so in a timely fashion.

The juvenile court's dispositional findings and orders became final and, on this appeal from the order terminating mother's parental rights, are no longer subject to attack. (*Pedro N., supra,* 35 Cal.App.4th at pp. 185, 189-190.) Our holding in *Pedro N.* is fully applicable here. Mother waited until the end of the proceedings to object to the juvenile court's earlier rulings finding the ICWA inapplicable to this case, and by her prior silence, has forfeited her right to complain about any procedural deficiencies in compliance with the ICWA in the instant appeal.

8.

To the extent mother relies on cases such as *In re Marinna J.* (2001) 90 Cal.App.4th 731, 737-739 and *In re B.R.* (2009) 176 Cal.App.4th 773, 779, cases that disagreed with *Pedro N.*, relying on the theory that *Pedro N.* is inconsistent with the protection and procedures afforded by the ICWA to the interest of Indian tribes, we are not persuaded. We decline mother's invitation to revisit our holding in *Pedro N.*

We further note that *Pedro N.* does not foreclose a tribe's rights under the ICWA due to a parent's forfeiture or waiver of the issue for failing to file a timely appeal when procedurally entitled to do so at the conclusion of an earlier proceeding. (*Pedro N., supra,* 35 Cal.App.4th at pp. 185, 189-190; see *In re Desiree F., supra,* 83 Cal.App.4th at pp. 477-478 [wherein we reversed juvenile court's denial of tribe's motion to intervene after final order terminating parental rights and invalidated actions dating back to outset of dependency that were taken in violation of ICWA].) In *Pedro N.* we held we were addressing only the rights of the parent to a heightened evidentiary standard for removal and termination, not those of the tribe (*Pedro N., supra,* at p. 191), or, for that matter, the rights of the child. As a result, we conclude mother has forfeited her right to complain of any alleged defect in compliance with the ICWA.

While mother has forfeited the issue on whether the juvenile court erred in finding that the ICWA did not apply at the time of disposition in October 2014, mother also contends various errors in notice were made at the time of the termination hearing on March 4, 2014. Specifically, mother contends the ICWA-030 sent February 2, 2015, in anticipation of the upcoming termination hearing, was sent to the Chumash Tribal Council of Bakersfield at an incorrect address.[6] She also contends the juvenile court failed to wait the requisite 60 days after notice was sent prior to the termination of parental rights.[7]

---

[6]Mother claims the zip code used was 93304 instead of the correct zip code 93307.

[7]Section 224.3, subdivision (e)(3), provides that the juvenile court may determine the ICWA does not apply if proper notice has been provided and neither a tribe nor the

Assuming, arguendo, that mother may raise these particular defects for the first time on appeal, we nevertheless find the asserted errors harmless. (*In re E.W.* (2009) 170 Cal.App.4th 396, 402; *In re S.B.* (2005) 130 Cal.App.4th 1148, 1162.)

Mother acknowledges that the Chumash Tribal Council of Bakersfield is a non-federally recognized tribe. Although a court may allow a non-federally recognized tribe to appear in the proceeding and present information to the court (§ 306.6), there is no requirement that any notice be sent to a tribe that is not recognized. The requirements of the ICWA apply only to federally recognized tribes. (25 U.S.C. 1903(8); *In re A.C.* (2007) 155 Cal.App.4th 282, 286.) Thus, while notice was sent to an incorrect address, any error was harmless.

We also find harmless mother's claim that the juvenile court failed to wait the requisite 60 days for a response from the Santa Ynez Band of Mission Indians before terminating her parental rights. The juvenile court had before it information that the one federally recognized tribe noticed in mother's earlier case involving J.H., the Santa Ynez Band of Mission Indians, found that child not to be an Indian child. It was J.H.'s maternal grandmother, therefore also N.L.'s maternal grandmother, who was listed as a member of the Santa Ynez Band of Mission Indians. Therefore, a determination as to J.H. would be applicable to N.L. as well.

We reject mother's contentions, finding no prejudicial error.

---

BIA has provided a determinative response within 60 days after receiving the notice. Here, notice was sent February 2, 2015, for the March 4, 2015 hearing. Section 224.3, subdivision (e)(3), also provides that the court shall reverse its determination of the inapplicability of the ICWA and apply the act prospectively if a tribe or the BIA subsequently confirms the child is an Indian child.

## _**DISPOSTION**_

The orders and findings of the juvenile court are affirmed.

_____
Smith, J.

WE CONCUR:

_____
Hill, P.J.

_____
Franson, J.